Eastern District of Kentucky
**FILED**

**NOV 1 8 2005**

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-638-KKC

LAUREL KNUCKLES SWILLEY,                                    PLAINTIFF

V.                    **MEMORANDUM OPINION AND ORDER**

JEFFREY R. TIPTON, ET AL.,                                 DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on motion of the plaintiff, *pro se*, styled "Motion For Expedited Order Compelling Defendants to Provide Further Answers to Interrogatories and Requests for Production"[1] [DE #36], which is accompanied by a supporting memorandum of law [DE #37], both of which were filed on September 12, 2005. Defendants have filed no response to this motion to compel[2], and the time for responding thereto has expired. Thus, this matter is ripe for review.

The resolution of this discovery dispute requires the court to examine each discovery request which plaintiff believes has been inadequately answered or responded to by defendants and which is the subject of the instant motion to compel. In considering this matter, the Magistrate Judge is mindful of the scope of discovery permitted by Fed.R.Civ.P. 26, subsequent to the 2000 amendment thereto, which permits "discovery regarding any matter, not privileged, that is relevant to the claim

---

[1] Pursuant to numerical paragraph 2 of the Scheduling Order entered herein on April 12, 2005, all discovery disputes were referred to Magistrate Judge J. B. Johnson, Jr., for resolution. [DE #11]. Subsequently, by Order of April 26, 2005, Magistrate Judge J. B. Johnson, Jr., recused himself from further service herein, and reassigned this matter to the undersigned Magistrate Judge. [DE #13].

[2] However, on September 29, 2005, defendants filed a response [DE #44] to a related motion, plaintiff's motion styled "Motion For Expedited Order to Enforce Subpoenas [sic] Duces Tecum And Compel Compliance by Susan K. Roberts and Melissa K. Barton" [DE #34], which concerns discovery (the production of documents) from non-parties. Based on defendants' response, on October 13, 2005, plaintiff's motion concerning the enforcement of subpoenas issued to said non-parties was denied as moot. Thus, it appears that defendants' response filed on September 29, 2005, also pertains, at least in part, to plaintiff's motion to compel discovery from defendants.

or defense of any party, . . ." The disputed Interrogatories and Requests for Production of Documents and defendants' responses thereto are set out below.

## A.    PLAINTIFF'S FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 2:

Please state the factual, legal and/or ethical reasons underlying your belief that defendants or any partner or associate in the defendants' law firm represented and/or established an attorney/client relationship with the following individuals and/or entities: the Plaintiff; the Estate of Ruth H. Knuckles; the Estate of Loubell Hoe; the Estate of Grant F. Knuckles; the Ruth Hoe Knuckles Family Limited Partnership; the Mary Madeline Roberts Irrevocable Trust; the Ruth Whitcomb Knuckles Trust; Susan Knuckles Roberts; Melissa Knuckles Barton; Ruth Whitcomb Knuckles and Bruce R. Barton. In formulating your answer(s) please include but do not limit same to the following information:

a.  A detailed description of the date, time and place at which said representation was/was not entered into;

b.  The individuals present, who had knowledge of, who authorized or who participated in representation under the terms and conditions of said agreements;

c.  The nature and terms of each such agreement and the extent to which the defendants and/or their law firm agreed to represent the above named individuals and/or entities;

d.  The nature and terms of any fee agreements with any of the above named individuals and/or entities;

e.  The nature and amounts of any bills/invoices for legal services incurred and whether and by whom same were paid, attaching copies of all such bills and sources of payment;

f.  The duration and current status representation and, if terminated, the date and means by which said representation was terminated;

g.  Any and all written documentation, memoranda, witnesses, transcripts, recordings and/or other data which memorialize the events and occasions detailed herein.

**ANSWER**: Ruth Hoe Knuckles Family Limited partnership; Estate of Ruth H. Knuckles, Mary Madeline Roberts Irrevocable Trust; Ruth Whitcomb Knuckles Trust; Susan Knuckles Roberts; Melissa Knuckles Barton:

a. Jeffery R. Tipton was hired at Corbin, Kentucky by Susan Roberts and Melissa Barton to represent the above entities and persons. I was hired to represent the Estates on various matters beginning in 1999 through the present date.

2

b. Susan Roberts and Melissa Knuckles. Jeffery R. Tipton is the only attorney in his firm who has actively represented the entities and persons.

c. The defendant agreed to represent the Estate for a rate of $70.00 per house [sic] plus out of pocket expenses. The defendant has represented the above entities and persons in Bell District Court and Bell Circuit Court.

d. See answer to c. above.

e. The plaintiff may review said bills and invoices at a time convenient for the parties. The plaintiff may copy said invoices at her expenses. Said invoices and bills have previously been provided to plaintiff.

f. Said representation began in 1999 and is currently continuing.

g. The defendant objects to this Interrogatory on the grounds of attorney-client privilege. See Answer to e. above.

The defendant has never represented Bruce R. Barton in any litigation, nor has the defendant represented the Estate of Loubell Hoe or the Estate of Grant F. Knuckles. The defendant has obtained monies for the plaintiff and Ruth Whitcomb Knuckles in the sense that proceeds have been procured from partition of land suits which the plaintiff and Ruth Whitcomb Knuckles received benefit from.

In support of her motion to compel defendant to supplement his answer to Interrogatory No. 2, plaintiff asserts that the foregoing answer is deficient in that it fails to state "the factual, legal and/or ethical reasons underlying your belief that defendants . . . represented or established an attorney/client relationship with the following individuals or entities: . . ." Plaintiff also notes that while defendant stated that he began representing the Estates in 1999, it is unclear when he undertook to represent the FLP, the trusts, Susan K. Roberts, and Melissa K. Barton. Plaintiff also argues that defendant's answer is vague as to the nature and terms and conditions concerning the engagement and fee agreements with the named clients and sources of payment of his fees.

Defendant's answer states that he was employed by Susan Roberts and Melissa Barton to represent these entities and persons and that he was hired to represent the Estates on various matters, at the rate of $70.00 per hour, beginning in 1999 through the present date, and that he has represented "the above entities and persons in Bell District Court and Bell Circuit Court."

3

Plaintiff correctly notes that while defendant states that he was hired "to represent the Estates on various matters beginning in 1999 through the present date," defendant does not state when he was employed to represent the FLP, the Trusts, Susan K. Roberts, and Melissa K. Barton. Defendant's answer also omits the sources of payment of his fees. Accordingly, plaintiff's motion to compel will be granted to the extent that defendant is directed to supplement his answer to Interrogatory No. 2 to clarify when he was employed to represent the FLP, the Trusts, Susan K. Roberts, and Melissa K. Barton, and to state the sources of payment of his fees.

**INTERROGATORY NO. 3:**

For each and every individual and/or entity represented by the Defendant as identified above in the preceding Interrogatory Number 2, your Answer [sic] please provide and identify the following:

a. The name of each and every attorney who provided services to each said individual;

b. The specific dates, time, location, and length and nature of contact;

c. The specific nature of legal advice, legal assistance, counseling or legal services provided to the individual or entity;

d. The extent of services provided to the individuals and/or entities;

e. Any and all written documentation, memoranda, witnesses, transcripts, recordings and/or other data which memorialize the events and occasions detailed herein.

**ANSWER:**

a.  Jeffery R. Tipton
    404 Roy Kidd Avenue
    P.O. Box 1284
    Corbin, KY 40702
    606-528-1166

b.  My representation began in 1999 and still continues.

c.  I represented the individuals and entities in litigation and in issues dealing with the legal requirements of the administration of the Estate, Family Limited Partnership and Trusts.

d.  See answer to c. above.

4

e. The plaintiff may review all items referenced herein which are not protected by the attorney/client privilege and the defendant so objects. A time and place for such review can be arranged by contacting the defendants' counsel. Copies of legal pleadings can be obtained from the Bell Circuit and District Court.

In support of her motion to compel defendant to supplement his answer to Interrogatory No. 3, plaintiff asserts that the foregoing answer is incomplete, non-specific, evasive, and inadequate in that it failed "to detail the dates, time, location, length and nature of contact with the individuals identified as well as the 'nature of legal advice, legal assistance, counseling or legal services provided to the individual or entity' represented by the Defendants and identified in the preceding Interrogatory No. 2."

The Magistrate Judge is unpersuaded by plaintiff's argument that defendant's answer to Interrogatory No. 3 is incomplete, non-specific, evasive, and inadequate. Interrogatory No. 3 is overly broad and unduly burdensome to the extent that plaintiff requests detailed information about each instance in which defendant has represented the individuals and entities from 1999 to the present time. Defendant's response that he "represented the individuals and entities in litigation and in issues dealing with the legal requirements of the administration of the Estate, Family Limited Partnership, and Trusts," is sufficient. Plaintiff's motion to compel defendant to supplement his answer to Interrogatory No. 3 will be denied.

**INTERROGATORY NO. 4**:

Please state the factual, legal and/or ethical reasons underlying your belief that defendants or any partner or associate in the defendants' law firm did not represent or establish an attorney/client relationship with the following individuals and/or entities: the Plaintiff; the Estate of Ruth H. Knuckles; the Estate of Loubell Hoe; the Estate of Grant F. Knuckles; the Ruth Hoe Knuckles Family Limited Partnership; the Mary Madeline Roberts Irrevocable Trust; the Ruth Whitcomb Knuckles Trust; Susan Knuckles Roberts; Melissa Knuckles Barton; Ruth Whitcomb Knuckles and Bruce R. Barton. In formulating your answer(s) please include but do not limit same to the following information:

a. A detailed description of the date, time and place at which said representation was declined or terminated;

5

b. The individuals present, who had knowledge of, who authorized or who participated in any agreement as to declining or terminating representation;

c. The nature and terms of each such agreement and the extent to which the defendants and/or their law firm represented the above named individuals and/or entities prior to termination;

d. The nature and terms of any fee agreements with any of the above named individuals and/or entities;

e. The nature and amounts of any bills/invoices for legal services incurred and whether and by whom same were paid, attaching copies of all such bills and sources of payment;

f. The duration and current status of representation and, if terminated, the date and means by which said representation was terminated;

g. Any and all written documentation, memoranda, witnesses, transcripts, recordings and/or other data which memorialize the events and occasions detailed herein.

**ANSWER**: See Answer to Interrogatory #2 above.

As grounds for her motion to compel defendant to supplement his answer to Interrogatory No. 4, plaintiff asserts that the foregoing answer is non-responsive. Plaintiff notes that while Interrogatory No. 2 and Interrogatory No. 4 refer to the same individuals and entities, the information requested by Interrogatory No. 4 is different from the information requested by Interrogatory No. 4; therefore, defendant's response "See Answer to Interrogatory #2 above" does not answer the question asked by Interrogatory No. 4.

Defendant's answer to Interrogatory No. 2 reflects that Jeffery R. Tipton was hired at Corbin, Kentucky, by Susan Roberts and Melissa Barton to represent the above entities and persons beginning in 1999 and continuing through the present date and that Jeffery R. Tipton is the only attorney in his firm who has actively represented the entities and persons. Since defendant states that he is the only attorney in his law firm who has represented the above-referenced individuals and entities, beginning in 1999, the inverse of that answer is that no other attorney in his law firm has ever represented these same individuals and entities. Further, if no other attorney in defendant's law firm ever represented these individuals and entities, it follows that there would be no documentation

6

to memorialize a decision to decline representation or the termination of representation of representation that never existed. Thus, contrary to plaintiff's argument, defendant's present answer to Interrogatory No. 4 essentially answers that question by referring plaintiff to his answer to Interrogatory No. 2. For these reasons, plaintiff's motion to compel defendant to supplement his answer to Interrogatory No. 4 will be denied.

### INTERROGATORY NO. 5:

Please state the factual and legal status of the entity identified and/or described as "TIPTON AND TIPTON, Attorneys at Law." In formulating your answer please include but do not limit same to the following information:

a. The date, time, location, structure, duration and persons participating in the formulation/organization of "TIPTON AND TIPTON, Attorneys at Law;"

b. The members, employees, agents, servants and/or officers of "TIPTON AND TIPTON, Attorneys at Law;"

c. The means by which a managing, senior, administrative, tax, or controlling partner, member, associate, or officer of "TIPTON AND TIPTON, Attorneys at Law" was selected and/or designated;

d. The name of the individual identified in subsection (c) immediately above and the specific nature and extent of authority of conferred upon same;

e. The identify [sic] of the individual(s) who manage the daily affairs and operation and/or any division of labor/authority of "TIPTON AND TIPTON, Attorneys at Law."

### ANSWER:

a. Tipton & Tipton Attorneys at Law is a law partnership consisting of Wesley R. Tipton and Jeffery R. Tipton. The law firm was established May, 1991. Its only office is located at 404 Roy Kidd Avenue, Corbin, Kentucky 40701

b. Members: Jeffrey R. Tipton and Wesley R. Tipton.
Employees: Linda Nevels, Faye Boggs, Vanessa Pile, Wendy McKnight, Kelly Lowe, Mary Ann Smith Rush, Lynn Tipton, and Jim Mays.

c. Jeff and Wes manage the firm jointly.

7

          d. Jeff and Wes manage the firm jointly.

          e. See Answer to c.

As grounds for her motion to compel defendant to supplement his answer to Interrogatory

No. 5, plaintiff argues that defendant's answer:

> does not provide any factual and legal basis for ascertaining the status, management, and administration of the firm Tipton & Tipton. Further, the answer does not provide any insight into the exercise or delegation of authority necessary to the management and administration of the partnership.

Memorandum in Support of Motion for Expedited Order, p. 8 - DE #37.

A common sense reading of defendant's answer to Interrogatory No. 5 leads to the logical

conclusion that all aspects of management and administration, including day-to-day operations, of

the law firm partnership of Tipton and Tipton are jointly performed by its only two partners, Jeffrey

R. Tipton and Wesley R. Tipton. Consequently, the Magistrate Judge concludes that defendant's

answer to this Interrogatory is sufficient. Thus, plaintiff's motion to compel defendant to supplement

his answer to Interrogatory No. 5 will be denied.

### INTERROGATORY NO. 6:

Describe in detail the factual and legal bases and source(s) of your authority to represent, counsel and/or advise the Ruth H. Knuckles Family Limited Partnership individually and as a component of the Estate of Ruth H. Knuckles as to the management [of] assets and liabilities of the estate and of the family limited partnership. In formulating your answer(s) please include but do not limit same to the following information:

    a. The person(s) authorized to retain and to compensate you for services

    b. The source(s) of compensation including method of payment
    c. The establishment, maintenance, and distribution of proceeds of banking and securities accounts and other assets.

### ANSWER:

    a. We were retained by Susan Roberts and Melissa Barton.

    b. We bill our time on a hourly basis for legal services provided. Susan Roberts pays our bill on a monthly basis.

> c. Tipton and Tipton have never been involved in the establishment, maintenance and distribution of proceeds of banking or security accounts or other assets of the Estate or Trust except regarding legal issues. Tipton & Tipton have never been involved in the management of assets or liabilities of the entities referenced in this Interrogatory.

As grounds for her motion to compel defendant to supplement his answer to Interrogatory

No. 6, plaintiff argues that defendant's answer is insufficient in that it:

> fails to provide the source of funding for fees and method of compensation. The answer is ambiguous. It states that Susan Roberts pays the bill and leads to the logical question: How does she pay the bill? Does she expend monies from her own pocket? Does she segregate Estate and FLP billings or are they commingled?

Memorandum in Support of Motion for Expedited Order, p. 9 - DE #37.

Plaintiff also argues that defendant's description of services and advice provided to the entities is

ambiguous in that he failed to identify and detail the factual and legal basis for his answer denying

involvement in management of assets, liabilities, banking and security accounts, except for legal

issues.

Plaintiff is correct that defendant's answer does not specify the source of payment of his fees.

Although defendant states that Susan Roberts pays the law firm bill on a monthly basis, he does not

state whether the source of payment is from Susan Roberts, individually, or whether the source of

payment is from the Estate or the FLP. Consequently, the Magistrate Judge concludes that defendant

should supplement his answer to Interrogatory No. 6 to specifically identify the source of payment

of his law firm's monthly bill that is paid by Susan Roberts. Additionally, defendant should also

clarify that his answer to subpart (c) of this Interrogatory concerning the exception "regarding legal

issues."

## B.   PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

In responding to plaintiff's Document Request Nos. 1-6 on July 8, 2005, defendant stated as

follows:

> **RESPONSE**: The documents requested by the plaintiff may be reviewed and copied at a time agreed upon by the parties. Copies can be made at the expense of the

9

plaintiff. The defendant objects to providing the plaintiff with any document protected by the attorney client privilege.

Subsequently, on September 29, 2005, defendant advised the court, in responding to a related motion [DE #44], that he had obtained permission from his clients, Susan K. Roberts and Melissa K. Barton, to provide plaintiff with documents responsive to plaintiff's discovery requests that otherwise would be exempt from disclosure by reason of the attorney/client privilege. Consequently, the Magistrate Judge concludes that after his clients waived their attorney/client privilege in respect to the documents in question, defendant has since produced those documents that he had originally objected to producing and that plaintiff's motion to compel the production of documents is now moot.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's *pro se* motion styled "Motion For Expedited Order Compelling Defendants to Provide Further Answers to Interrogatories and Requests for Production" [DE #36] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

a. plaintiff's motion to compel is **GRANTED** to the extent that defendant is directed to supplement his answer to Interrogatory No. 2 to clarify when he was employed to represent the FLP, the Trusts, Susan K. Roberts, and Melissa K. Barton, and to state the sources of payment of his fees;

b. plaintiff's motion to compel is **GRANTED** to the extent that defendant is directed to supplement his answer to Interrogatory No. 6 to specifically identify the source of payment of his law firm's monthly bill that is paid by Susan Roberts and to clarify his answer to subpart (c) of this Interrogatory concerning the exception "regarding legal issues."

c. plaintiff's motion to compel is **DENIED** as to Interrogatory Nos. 3, 4, and 5, and defendant need not supplement his answers thereto.

d. plaintiff's motion to compel the production of documents responsive to Request Nos. 1-6 [DE #36] is **DENIED AS MOOT**.

10

c. plaintiff's motion to compel is **DENIED** as to Interrogatory Nos. 3, 4, and 5, and defendant need not supplement his answers thereto.

d. plaintiff's motion to compel the production of documents responsive to Request Nos. 1-6 [DE #36] is **DENIED AS MOOT**.

2. Defendant is directed to supplement his answers to Interrogatory Nos. 2 and 6 within ten (10) days of the date of this Order.

This __*18th*__ day of November, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

11